
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZHIGANG YI,

Petitioner,

v.

JEFFERSON B. SESSIONS III,
Attorney General,

Respondent.

No. 15-71239

Agency No. A205-565-764

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2017**
San Francisco, California

Before:  CLIFTON and OWENS, Circuit Judges, and BUCKLO,*** District Judge.

Zhigang Yi, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' decision dismissing his appeal.  The BIA affirmed the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Elaine E. Bucklo, United States District Judge for the
Northern District of Illinois, sitting by designation.

Immigration Judge's (IJ) order denying Yi's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because Yi filed his application after May 11, 2005, his case is governed by the REAL ID Act. REAL ID Act of 2005, Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305. We review the denial of the application for substantial evidence. *Sinha v. Holder*, 564 F.3d 1015, 1020, 1025 (9th Cir. 2009). We review both the BIA's decision and the parts of the IJ's analysis that the BIA identified as "most significant." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). We deny the petition.

The IJ denied Yi's application for asylum and withholding of removal because he did not present sufficient credible testimony or adequate corroborating evidence. We first review the adverse credibility analysis. *Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016). We must uphold the adverse credibility determination if "even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088-89 (9th Cir. 2011).

We find that the adverse credibility determination was supported by substantial evidence. In particular, the IJ legitimately determined that Yi's failure to disclose a previous application for a U.S. visa to an asylum officer undermined his credibility. The IJ found implausible Yi's explanation that he "forgot" having applied for the visa and thus construed the omission as deliberate deception. We

2

have stated that a petitioner's decision to lie to immigration authorities "always counts as substantial evidence supporting an adverse credibility finding" unless the petitioner has lied to escape immediate danger (an exception which does not apply here). *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). Because this deception supported the IJ's adverse credibility determination, we need not discuss the other factors the IJ considered, nor need we review the IJ's analysis of Yi's failure to provide adequate corroborating evidence. *Bhattarai*, 835 F.3d at 1043-44; *Rizk*, 629 F.3d at 1088-89. We therefore deny the petition with respect to Yi's application for asylum and withholding of removal.

We also deny the petition with respect to Yi's application for protection under the CAT. Because Yi's testimony was found not credible, we will reverse the BIA's decision only if the remaining evidence "compel[s] the conclusion that [Yi] is more likely than not to be tortured," if returned to China. *Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

**DENIED**.